*E-FILED - 7/3/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS C. GUILLEN, | No. C 06-5176 RMW (PR) |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| CORRECTIONAL OFFICER ROCHA, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Salinas Valley State Prison ("SVSP") officials.  Plaintiff has been granted leave to proceed in forma pauperis in a separate written order.  The court now reviews the original complaint pursuant to 28 U.S.C. § 1915, in which plaintiff admits that he has not exhausted California's prison administrative appeal process before filing his complaint.  Accordingly, the court will dismiss the instant complaint without prejudice for failure to exhaust administrative remedies.

**DISCUSSION**

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards." Id. Even when the relief sought cannot be granted by the administrative process, i.e., monetary damages, a prisoner must still exhaust administrative remedies. Id. at 2382-83 (citing Booth, 532 U.S. at 734). Finally, the mandatory exhaustion of available administrative remedies is not limited to suits under § 1983, but to any suit challenging prison conditions. Id. at 2383 (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)).

The PLRA exhaustion requirement requires "proper exhaustion" of available administrative remedies. Id. at 2387. The plain language of the PLRA requires that prior to filing suit, all "administrative remedies available [must be] exhausted." 42 U.S.C. § 1997e(a). The Ninth Circuit has interpreted 1997e(a) to mean that an action *must* be dismissed unless the prisoner exhausted his available administrative remedies *before* he or she filed suit, even if the prisoner fully exhausts while the suit is pending. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see also Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed).

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. Title 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. See id. § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level

1  appeal to the Director of the California Department of Corrections.  Id. § 3084.5; Barry v.
2  Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).  This satisfies the administrative
3  remedies exhaustion requirement under § 1997e(a).  Id. at 1237-38.
4        Nonexhaustion under § 1997e(a) is an affirmative defense which should be
5  brought by defendant(s) in an unenumerated motion to dismiss under Federal Rule of
6  Civil Procedure 12 (b).  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).
7  However, a complaint may be dismissed by the court for failure to exhaust if a prisoner
8  "conce[des] to nonexhaustion" and "no exception to exhaustion applies."  Id. at 1120.
9        Plaintiff concedes that he did not complete all the appeals through the prison
10 administrative appeal process, on the grounds that the prison's appeal system is
11 "inadequate and slow."  (Id. 1.)  Exhaustion is mandatory, however, and there is no
12 authority for the proposition that exhaustion may be excused on such grounds.  See Booth,
13 532 U.S. at 741 n.6 (stating Supreme Court "will not read futility or other exceptions into
14 statutory exhaustion requirements").  Although he admits that he did not present his claims
15 through all of the available levels of administrative review, plaintiff nevertheless states that his
16 claims are "exhausted" under Ngo v. Woodford, 403 F.3d 620 (9th Circ. 2005).
17 (Complaint at 1-2.)  The Supreme Court has reversed the Ninth Circuit decision in Ngo,
18 however.  Woodford, 126 S. Ct. at 2393 (holding that filing an untimely grievance or
19 appeal is not proper exhaustion).
20       In his complaint, plaintiff states that he filed administrative appeals to the "appeals
21 coordinator," and wrote "letters" to the Warden and to the Monterey County District
22 Attorney, and various documents attached to the complaint indicate that he has filed
23 administrative appeals as far as the second formal level of review.  (Complaint at 2, and
24 attachments thereto.)  However, plaintiff has not filed any administrative appeals to the
25 Director's level of review, the final level of administrative appeals available to him.[1]
26 Plaintiff must properly exhaust his claims by raising them through the Director's level of

---

[1] To whatever extent plaintiff may have filed an appeal at the Director's level after filing his complaint herein, that does not satisfy the exhaustion requirement.  See McKinney, 311 F.3d at 1199-1201 (prisoner must exhausted available administrative remedies before filing suit).

1  review before he may raise them in federal court.  Because plaintiff had not done so prior
2  to filing filed his complaint, the complaint must be dismissed.

## CONCLUSION

Accordingly, the instant complaint is DISMISSED without prejudice.  Plaintiff may choose to file a new complaint after exhausting California's prison administrative process.  The clerk shall terminate any pending motions and close the file.

IT IS SO ORDERED.

DATED: __7/1/08__

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge