IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS C. GUILLEN, | No. C 06-5176 RMW (PR) |
| Plaintiff, | ORDER AFTER REMAND RE-OPENING CASE; ORDER OF PARTIAL DISMISSAL; DISMISSAL WITH LEAVE TO AMEND OR NOTIFY COURT OF INTENT TO PROCEED WITH ORIGINAL COMPLAINT |
| v. | |
| CORRECTIONAL OFFICER ROCHA, et al., | |
| Defendants. | |

On August 24, 2006, plaintiff, proceeding pro se, filed a federal civil rights complaint pursuant to 42 U.S.C. § 1983. On July 3, 2008, in its initial screening review, the court dismissed the complaint for failure to exhaust, and entered judgment the same day. On November 22, 2010, the Ninth Circuit vacated the order of dismissal and judgment and remanded, in light of Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir. 2010) (holding that "improper screening of an inmate's administrative grievances renders administrative remedies effectively unavailable such that exhaustion is not required under the PLRA") (internal quotation marks omitted). For the reasons stated below, the court re-opens the case, orders the complaint partially dismissed, and grants plaintiff leave to amend. Alternatively, plaintiff shall file a notice that he intends to proceed only with the cognizable claim discussed below.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claims

Plaintiff claims that in August 2005, he was waiting to be transferred to Tehachapi State Prison after he finished his time in disciplinary administrative segregation. While he was waiting, he filed two federal civil rights complaints, and complained about his conditions of confinement to prison officials. He argues that once defendants learned about his suits and complaints, they retaliated against him. Liberally construed, plaintiff states a cognizable claim of retaliation.

Plaintiff also alleges that he falls under the "Americans with Disabilities Act" ("ADA"), however, he does not support this assertion with any facts to state a cognizable claim for relief. Accordingly, this claim is DISMISSED with leave to amend. If plaintiff can, in good faith, state a cognizable claim under the ADA, he may file an amended complaint within thirty days of the filing date of this order.

Plaintiff also states that each day that he is in administrative segregation, it prohibits him from seeing his sick mother, watching television, listening to a radio, and is causing him emotional harm. He argues that these effects may violate the Eighth Amendment. Although the

Eighth Amendment protects against cruel and unusual punishment, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer de minimis injuries. See, e.g., Hudson v. McMillian, 503 U.S. 1, 9-10 (1992) (Eighth Amendment excludes from constitutional recognition de minimis uses of force); Anderson v. County of Kern, 45 F.3d 1310, 1314-15 (9th Cir. 1995) (temporary placement in safety cell that was dirty and smelled bad did not constitute infliction of pain); Hernandez v. Denton, 861 F.2d 1421, 1424 (9th Cir. 1988) (allegation that inmate slept without mattress for one night is insufficient to state 8th Amendment violation and no amendment can alter that deficiency), judgment vacated on other grounds, 493 U.S. 801 (1989); DeMallory v. Cullen, 855 F.2d 442, 444 (7th Cir. 1988) (correctional officer spitting upon prisoner does not rise to level of constitutional violation); Holloway v. Gunnell, 685 F.2d 150 (5th Cir. 1985) (no claim stated where prisoner forced to spend two days in hot dirty cell with no water); Miles v. Konvalenka, 791 F. Supp. 212 (N.D. Ill. 1992). Petitioner's allegations, even liberally construed, are insufficient to state a claim against cruel and unusual punishment. Thus, it is DISMISSED.

Accordingly, the court grants plaintiff leave to file an amended complaint **within thirty (30) days** of the date this order is filed, to address the deficiency set forth above. In the alternative, within thirty (30) days of the date this order is filed, plaintiff may file a notice with the court stating that he intends to proceed with the cognizable claim in this original complaint. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

**CONCLUSION**

For the foregoing reasons, the court hereby orders as follows:

1. The clerk shall RE-OPEN this case.

2. Plaintiff shall file an amended complaint **within thirty (30) days** from the date this order is filed. **In the alternative**, **within thirty (30) days** from the date this order is filed, plaintiff may file a notice with the court stating that he intends to proceed with the cognizable claim as found by the court.

An amended complaint must include the caption and civil case number used in this order (C 06-5176 RMW (PR)) and the words "AMENDED COMPLAINT" on the first page. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik, 963 F.2d at 1262 (9th Cir. 1992).

Plaintiff may not incorporate material from the original complaint, such as supporting documentation or exhibits, by reference. Plaintiff must include all of his claims, including the cognizable claims set forth above, in the amended complaint. **Failure to file an amended complaint or file a notice with the court in compliance with this order within the designated time will result in the court proceeding with the cognizable claim in the original complaint as stated in this order.**

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 3/2/11

RONALD M. WHYTE
United States District Judge